PRESTON, The A. B. See Case No. 3,524.

PRETERRE (GOODYEAR DENTAL VULCANITE CO. v.). See Cases Nos. 5,595 and 5,596.

PRETTYMAN (DELAWARE R. CO. v.). See Case No. 3,767.

PREUSS (LEE v.). See Case No. 8,199.

---

## Case No. 11,400.

### PREVOST v. GORRELL.

[25 Pittsb. Leg. J. 125; 5 Reporter, 616:[1] 6 Am. Law Rec. 743; 7 Am. Law Rec. 236; 5 Wkly. Notes Cas. 151; 12 West. Jur. 369; 10 Chi. Leg. News, 228; 24 Int. Rev. Rec. 122; 2 Month. Jur. 40.]

Circuit Court, E. D. Pennsylvania. 1877.

JUDGMENTS IN FEDERAL COURTS—EXTENT OF LIEN—OTHER DISTRICTS IN SAME STATE—EXECUTION.

1. In the United States courts where a state is divided into several districts, a judgment obtained in one district is a lien upon defendant's real estate in all parts of the state. The right of lien depends upon the right of execution; and by section 985, Rev. St. [4 Stat. 184], all writs of execution may "run and be executed in all parts of the state."

2. Plaintiff has a right to concurrent execution all over the state.

3. The direction of the writ to one marshal is merely formal and of no consequence.

4. Section 985, Rev. St., construed, and the practice under it explained. Per McKennan, Circuit Judge.

Motion for an order to the clerk to issue an attachment in execution. On the seventh of July, 1877, a verdict was obtained by the plaintiff in the circuit court of the United

---

[1] [Reprinted from 5 Reporter, 516, by permission.]

States for the Western district of Pennsylvania, and judgment, nisi, was entered thereon the same day. A rule for a new trial was subsequently, on the 18th of August, 1877, discharged, and the judgment made absolute. [Case No. 11,404.] A certified copy of the record of the case was thereupon filed in the circuit court of the United States for the Eastern district of Pennsylvania. The plaintiff's counsel now move in this court for an order directing the clerk to issue an attachment in execution upon the certified copy filed here of the record of the judgment obtained in the Western district.

A. Sydney Biddle (with him, Bartholomew & Hughes and G. W. Biddle), for the motion.

By Rev. St. p. 174, § 915 [17 Stat. 197], it is provided that, "in common law causes in the circuit courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are now provided by the laws of the state in which such court is held for the courts thereof, etc." It has also been held that the United States districts are to be considered as analogous to counties. Now, if we had obtained judgment in the court of common pleas of Allegheny county, we could have filed a certified copy of that judgment in the court of common pleas of Philadelphia county, and could have issued an attachment in execution in the latter court on that certified copy. Act April 16, 1840; Purd. Dig. 821. No injury can result from the fact that the same judgments exist in different counties on which executions may issue. The court in which the original judgment was obtained controls it, King v. Nimick, 10 Casey [34 Pa. St.] 298. In Baker v. King, 2 Grant, Cas. 254, it was said that where a judgment had been removed under the act, supra, into the court of another county, it had the same force, so far as regarded execution process, in the county to which it was transferred, as if originally entered there. This court is therefore bound, until the original judgment is satisfied, to allow execution to issue on the certified judgment filed here. It is true that by section 985, p. 184, of the Revised Statutes, it is provided that "all writs of execution upon judgments or decrees obtained in a circuit or district court in any state which is divided into two or more districts, may run and be executed in any part of such state; but shall be issued from, and be returnable to, the court wherein the judgment was obtained." Under that provision we could undoubtedly issue an attachment in execution from the Western district and have it executed in the Eastern. Our contention is that we have the choice of two modes of remedy.

THE COURT (McKENNAN, Circuit Judge, and CADWALADER, District Judge). This is a new question of practice, and is not perfectly clear. It depends upon what is meant by "similar remedies" in section 915 of the Revised Statutes. The act from which that clause is taken was passed in 1872, while section 985 is taken from an act passed in 1826. As by the latter act all writs of execution may be executed throughout the state (where the state is divided into several districts), it would seem more reasonable to suppose that the clause of the subsequent act of 1872 was meant to give to the plaintiff the additional advantage of the writ of attachment (whether as a writ of execution or not) where it had not before been enjoyed, in which case the meaning of the statute would be that the plaintiff was entitled to similar writs of attachment as in the state court, but not necessarily to a completely similar use of the writ, as is contended here. This we decide to be the meaning of the statute where, as here, the plaintiff has a complete remedy under section 915, combined with section 985, without discussing the question of its meaning where the latter section does not apply, as where the districts are in different states.

Under this view the plaintiff's lien on the defendant's real estate in the Eastern district depends, not upon the certified copy he has filed here, but upon the original judgment he has obtained in the Western district, and goes back as to all real estate situated in this district to that date; for the right of lien depends upon the right of execution; and, as all writs of execution, which the plaintiff had a right to issue on his judgment, might "run and be executed in all parts of the state," by section 985, this lien was equally operative from the same date upon real estate situated in all parts of the state. Massingill v. Downs, 7 How. [48 U. S.] 768.

NOTE [from 5 Wkly. Notes Cas. 151]. This decision is of practical importance to the profession and to conveyancers, as under it searches must in future be made in both districts of the circuit court of the United States in Pennsylvania, instead of, as has heretofore been the practice, only in that in which the real estate is situated. [See note to Case No. 11,404.]